UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMON R. JOHNSON,<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>NEVADA DEPT OF CORRECTIONS,<br><br>　　　　　　　　　Defendant | Case No. 2:21-cv-00306-APG-DJA<br><br>**SCREENING ORDER** |

　　　Plaintiff Damon R. Johnson, who was formerly incarcerated in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1.  He has also submitted an application to proceed *in forma pauperis* for prisoners (ECF No. 3) and an application to proceed without having to prepay fees or costs for non-prisoners (ECF No. 7).  As Johnson is no longer incarcerated, I deny his motion for leave to proceed *in forma pauperis* for prisoners (ECF No. 3) as moot.  I defer decision on Johnson's motion to proceed without having to prepay fees or costs for non-prisoners.  I now screen the complaint under 28 U.S.C. § 1915A.

**I.　　SCREENING STANDARD**

　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations,

a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Johnson sues NDOC,[1] A.G. Aaron Ford, Isidro Bacca, and Charles Daniels for events that took place while he was incarcerated at Warm Springs Correctional Center. ECF No. 1-1 at

---

[1] I dismiss with prejudice all claims against NDOC because it is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983, and amendment would be futile. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

1. He brings three counts and seeks injunctive and monetary relief.

The complaint alleges the following: Johnson wrote to warden Bacca because the law librarian was refusing to make legal copies for his civil cases. Bacca told Johnson that he could not sue a casino while in custody, and that he would not be given legal copies for his case. Johnson was threatened by NDOC staff not to go to the law library, and he was placed in the solitary/red tag unit. For two weeks, Johnson did not receive any outdoor time.

Based on these allegations Johnson claims that his Eighth Amendment rights were violated. The complaint is not entirely clear, but it appears that Johnson is bringing a conditions-of-confinement claim based on the allegation that he did not receive any outdoor recreation time for two weeks. In his request for relief, he specifically requests damages for the failure to provide him "appropriate amounts of fresh air and recreation to exercise."

**A. Eighth Amendment**

The Ninth Circuit has recognized that "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083,1089 (9th Cir. 1996). However, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). "The cost or inconvenience of providing adequate [exercise] facilities[, however,] is not a defense to the imposition of a cruel punishment." *Id.* at 200.

Johnson fails to state a colorable Eighth Amendment claim. The allegation that Johnson did not receive any outdoor recreation time for two weeks, without more, is not a sufficient deprivation to give rise to a constitutional claim. As such, I dismiss this claim. However, as

Johnson is proceeding *pro se*, and it is not entirely clear from the complaint what claim Johnson is trying to bring, I dismiss this claim without prejudice and with leave to amend.

### B. Supervisory Liability

It appears that Johnson is attempting to bring claims against defendants Ford and Daniels based solely on their supervisory positions. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Accordingly, if Johnson chooses to file an amended complaint, he must allege facts supporting each defendant's personal participation in any alleged constitutional deprivations.

### III. LEAVE TO AMEND

I grant Johnson leave to file an amended complaint to cure the deficiencies of the complaint. If he chooses to file an amended complaint, I advise him that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Johnson's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Johnson should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Johnson chooses to file an amended complaint curing the deficiencies as outlined in this order, he must file the amended complaint by **November 4, 2021**. If Johnson chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

## IV.  CONCLUSION

I therefore order that Johnson's application to proceed *in forma pauperis* for prisoners (ECF No. 3) is denied as moot.

I further order that I defer decision on Johnson's application to proceed without prepaying costs and fees for non-prisoners (ECF No. 7).

I further order the Clerk of the Court to file Johnson's complaint (ECF No. 1-1) and send him a courtesy copy of the complaint.

I further order that Johnson's conditions-of-confinement claim is dismissed without prejudice and with leave to amend.

I further order that the Nevada Dept. of Corrections is dismissed from this case with prejudice, as amendment would be futile.

I further order that defendants Ford, Bacca, and Daniels are dismissed from this case without prejudice.

I further order that, if Johnson chooses to file an amended complaint curing the deficiencies of the complaint as outlined in this order, he must file the amended complaint by **November 4, 2021**.

I further order the Clerk of Court to send to Johnson the approved form for filing a § 1983 complaint and instructions for the same. If Johnson chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Johnson fails to file an amended complaint curing the deficiencies outlined in this order by November 4, 2021, I will dismiss this action with prejudice for failure to state a claim.

DATED THIS 24th day of September 2021.

_____
United States District Court